UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETRUS TERRELL,

                Plaintiff,

vs.

ABILITY RECOVERY, SERVICES, LLC;
WALDEN UNIVERSITY

                Defendants.
_____/

**COMPLAINT & JURY DEMAND**

Plaintiff, Detrus Terrell through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

**INTRODUCTION**

1. Plaintiff is suing because Defendant Ability Recovery Services, LLC, as a debt collector, harassed the Plaintiff with collection letters and robo-calls on behalf of the Defendant Walden University after she discharged the debt in bankruptcy.

2. Defendants persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

1

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5. This action arises out of Defendant Ability Recovery Services, LLC's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of both Defendants violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and out of the invasions of Plaintiff's personal privacy by both Defendants and their agents in their illegal efforts to collect a consumer debt.

6. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and all Defendants transact business here as part of their continuing debt collection activities.

## PARTIES

7. Plaintiff Detrus Terrell is a natural person who resides in the City of Ann Arbor, County of Washtenaw, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Ability Recovery Services, LLC ("Ability") is a Pennsylvania corporation with minimum contacts in the State of Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant Walden University ("Walden") is a Florida for-profit corporation which is an original creditor and an institution of higher education with minimum contacts in Michigan.

## VENUE

10. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

11. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

12. That Defendants attempted to collect a debt in the amount of $3,403.75, an amount which had already been discharged in bankruptcy from a non-guaranteed student loan from a Walden account.

13. That on February 28, 2013, Plaintiff Detrus Terrell filed a Chapter 7 Bankruptcy Case No. 13−43763−mbm and all debts listed and unlisted were discharged as a matter of law. In Re: Michael K. MADAJ 149 F.3d 467 (6th Cir. 1998).

14. That Plaintiff Detrus Terrell received her Chapter 7 Bankruptcy discharge on June 18, 2013.

15. Defendant Walden hired Defendant Ability to collect debts allegedly owed to it.

16. The acts of Defendant Ability relating to the Plaintiff were conducted on behalf of Defendant Walden, and with the consent, approval, and/or ratification of the Defendants Walden .

17. The Plaintiff alleges that at all times herein mentioned, Defendant Ability was, and is now, the servant, employee, and/or other representative of Defendant Walden, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of the other

Defendants. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

16. Within one year immediately preceding the filing of this complaint, Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted educational loan.

17. Within one year immediately preceding the filing of this complaint, Defendants and the collectors employed by Defendants, and on behalf of Defendant Walden, repeatedly and willfully sent collection dunning letters and placed calls into Michigan to Plaintiff's personal cellular telephone numbers in an effort to collect this debt, which were at all relevant times "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. That Defendants contacted Plaintiff Detrus Terrell through two collection letters dated October 28, 2013 and February 25, 2014 and made numerous robo calls to Plaintiff's private cell phone all of which occurred after she received her chapter 7 bankruptcy discharge.

## *Telephone Consumer Protection Act ("TCPA")*

19. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

20. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

21. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. <u>Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.</u> Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call. *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Bold underline added. Footnotes omitted)

22. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. v. Prism Bus.*

*Media, Inc.*, 606 F.3d 443 (7th Cir. Ill. 2010). This Court has ruled that because of the Seventh Circuit's ruling in *CE Design,* it "borders on frivolous" to attempt to challenge this FCC Order in a District Court. *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919, 928-929 (W.D. Wis. 2013)(vacated after settlement).

23. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

24. Without Plaintiff's prior express consent, Defendants and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephones in an attempt to collect this debt.

25. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

26. Plaintiff has never given out either of her cellular telephone numbers to Defendant Ability or its collectors.

27. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal

third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

28. Defendant Ability 's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I – VIOLATION OF THE

## FAIR DEBT COLLECTION PRACTICES ACT.

30. Plaintiff incorporates the preceding allegations by reference.

31. At all relevant times Defendant Ability, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

32. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

33. Defendant Ability is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

34. Defendant Ability's foregoing acts as described more fully herein of illegally attempting to collect this debt violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

35. Plaintiff has also suffered actual damages, economic damages, emotional damages, general damages and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.

36. Plaintiff incorporates the preceding allegations by reference.

37. Defendant Ability is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

38. Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

39. Defendant Ability's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

40. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

41. These violations of the Michigan Occupational Code by Defendant Ability were willful.

## COUNT III - VIOLATION OF THE
## MICHIGAN COLLECTION PRACTICES ACT.

42. Plaintiff incorporates the preceding allegations by reference.

43. Defendant Ability is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

44. Plaintiff is a "consumer" as that term is defined at M.C.L. § 445.251.

45. Defendant Ability 's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

46. Plaintiff has suffered damages as a result of these violations of the MCPA.

47. These violations of the MCPA by Defendant Ability were willful.

## COUNT IV - VIOLATION OF THE
## FEDERAL TELEPHONE CONSUMER PROTECTION ACT.
## 47 U.S.C. § 227 et seq. AGAINST BOTH DEFENDANTS

48.     Plaintiff incorporates the preceding allegations by reference.

49.     Within the four year period immediately preceding this action, the Defendants made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

50.     The acts and or omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

51.     As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

52.     Defendants did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

53.     Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

54.     Defendants willfully and knowingly violated the TCPA, and as such, the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

55.     Plaintiff is entitled to injunctive relief prohibiting Defendants from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

56.     Defendant Walden is responsible and liable for the Defendant Ability's violations of the TCPA pursuant to the FCC Rules implementing the TCPA.

## COUNT V – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.

57.     Plaintiff incorporates the preceding allegations by reference.

58.     The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

59.     Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

60. The Defendant intentionally intruded upon Plaintiff's right to privacy by harassing the Plaintiff with calls to her cell phone.

61. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

62. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

63. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages.

## COUNT VI - INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS.

64. Plaintiff incorporates the preceding allegations by reference.

65. The acts, practices and conduct engaged in by the Defendant vis-a-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

66. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

67. All acts of Defendant were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

68. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs.

69. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant:

### COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

## AGAINST DEFENDANT ABILITY

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Ability and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Ability and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Ability and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

## AGAINST DEFENDANT ABILITY

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Occupational Code.

## COUNT III.

## VIOLATIONS OF THE

## MICHIGAN COLLECTION PRACTICES ACT

### AGAINST DEFENDANT ABILITY

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Michigan Collection Practices Act.

### COUNT IV.

### VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 et seq.

### AGAINST BOTH DEFENDANTS

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### COUNT V.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

## AGAINST BOTH DEFENDANTS

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

## COUNT VI.

## INTENTIONAL (OR NEGLIGENT) INFLICTION OF

## EMOTIONAL DISTRESS

## AGAINST BOTH DEFENDANTS

- for an award of actual damages from Defendants for the intentional and/or negligent infliction of emotional distress suffered as a result of the conduct as described herein, in an amount to be determined at trial and for Plaintiff; and,

- for such other and further relief as may be just and proper.

October 27, 2014

Respectfully submitted,
/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan 48226
313-965-2265
sathomasplccmecf@aol.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN )
) ss
COUNTY OF WAYNE )

    I, Detrus Terrell, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Detrus Terrell
Subscribed and sworn to before me this
October 27, 2014

_____
Notary Public

18

Stephen A. Thomas, Notary Public
State of Michigan, County of Wayne
My Commission Expires 3/30/2019
Acting in the County of Wayne